IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-71,882-01, WR-71,882-02, AND WR-71,882-03






EX PARTE ELIBERTO VEGA NORIEGA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 936811, 930148, AND 930147 IN THE 232ND DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and received three life sentences. The First Court of Appeals affirmed his conviction.
Noriega v. State, Nos. 01-06-00764-CR, 01-06-00765-CR, 01-06-00766-CR, 2008 Tex. App. LEXIS
543 (Tex. App.-Houston [1st Dist.] Jan. 24, 2008) (not designated for publication). 

 In a supplement to his application, filed while the initial application was pending in the trial
court, Applicant contends that his trial counsel rendered ineffective assistance because, inter alia,
counsel "forced" Applicant to testify during the punishment phase of the trial. Applicant also alleges
that this testimony antagonized the jury. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court has made findings of fact and conclusions of law with respect to the allegations presented
in Applicant's initial application. The trial court shall make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief raised in his supplemental application, filed in the trial court during the
pendency of the initial application.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 3, 2009

Do not publish